UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

 v.

ROBERT DUANE WICKE,
 a/k/a "domfamman,"

   **INDICTMENT**

   Defendant.

_____/

 The Grand Jury charges:

### COUNT 1
**(Sexual Exploitation and Attempted Sexual Exploitation of a Minor)**

On or about January 7, 2022, in Ingham County, in the Southern Division of the Western District of Michigan,

**ROBERT DUANE WICKE,**
**a/k/a "domfamman,"**

knowingly used, persuaded, induced, and enticed, and attempted to use, persuade, induce, and entice, a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct and that were produced using materials which had been shipped or transported in interstate or foreign commerce.

Specifically, the defendant used, persuaded, induced, and enticed, and attempted to use, persuade, induce, and entice Victim 1, who was approximately 3 years old, to engage in sexually explicit conduct. The defendant produced and attempted to produce an image depicting sexually explicit conduct. The defendant produced the image using digital devices, including, but not limited to a Samsung,

model SM-A125U, cellular telephone, and a Samsung tablet, model SM-T290, that were manufactured outside the State of Michigan.

**18 U.S.C. § 2251(a) and (e)**

# COUNT 2
## (Sexual Exploitation and Attempted Sexual Exploitation of a Minor)

On or about January 13, 2022, in Ingham County, in the Southern Division of the Western District of Michigan,

**ROBERT DUANE WICKE,**
a/k/a "domfamman,"

knowingly used, persuaded, induced, and enticed, and attempted to use, persuade, induce, and entice, a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct and that were produced using materials which had been shipped or transported in interstate or foreign commerce.

Specifically, the defendant used, persuaded, induced, and enticed, and attempted to use, persuade, induce, and entice Victim 1, who was approximately 3 years old, to engage in sexually explicit conduct. The defendant produced and attempted to produce images depicting sexually explicit conduct, including, one or both images that he produced. The defendant produced the images using digital devices, including, but not limited to a Samsung tablet, model SM-T290, that was manufactured outside the State of Michigan.

**18 U.S.C. § 2251(a) and (e)**

## COUNT 3
**(Attempted Coercion and Enticement)**

Between on or about December 6, 2021, and on or about March 21, 2022, in Ingham County, in the Southern Division of the Western District of Michigan, and elsewhere,

**ROBERT DUANE WICKE,
a/k/a "domfamman,"**

used facilities and means of interstate or foreign commerce to communicate with an individual to attempt to knowingly persuade, induce, entice, and coerce an individual who defendant believed was under the age of 18 years to engage in sexual activity for which any person could be charged with a criminal offense.

Specifically, defendant used the internet to communicate with a person he believed to be the mother of 7 and 9-year-old girls living in California to attempt to convince the mother to allow him to engage in criminal sexual activity with the two girls. Sex acts with 7 and 9-year-old children would constitute First Degree Criminal Sexual Conduct, in violation of Michigan Compiled Law § 750.520b. Sexual contact with the 7 and 9-year-old children would constitute Second Degree Criminal Sexual Conduct, in violation of Michigan Compiled Laws § 750.520c.

**18 U.S.C. § 2422(b)**

## COUNT 4
### (Distribution of Child Pornography)

On or about January 21, 2022, in Ingham County, in the Southern Division of the Western District of Michigan, and elsewhere,

**ROBERT DUANE WICKE,**
**a/k/a "domfamman,"**

knowingly distributed child pornography in the form of digital videos using any means or facility of interstate commerce, including by computer; that is, the defendant distributed through Kik, a web-based communication service that operates using the internet, digital videos, two of which depicted child pornography.

**18 U.S.C. § 2252A(a)(2)(A) and (b)(1)**
**18 U.S.C. § 2256**

## COUNT 5
### (Distribution of Child Pornography)

On or about February 23, 2022, in Ingham County, in the Southern Division of the Western District of Michigan, and elsewhere,

**ROBERT DUANE WICKE,**
**a/k/a "domfamman,"**

knowingly distributed child pornography in the form of a digital video using any means or facility of interstate commerce, including by computer; that is, the defendant distributed through Kik, a web-based communication service that operates using the internet, a digital video which depicted child pornography.

**18 U.S.C. § 2252A(a)(2)(A) and (b)(1)**
**18 U.S.C. § 2256**

## COUNT 6

### (Distribution of Child Pornography)

On or about February 27, 2022, in Ingham County, in the Southern Division of the Western District of Michigan, and elsewhere,

**ROBERT DUANE WICKE,**
**a/k/a "domfamman,"**

knowingly distributed child pornography in the form of digital videos using any means or facility of interstate commerce, including by computer; that is, the defendant distributed through Kik, a web-based communication service that operates using the internet, digital videos, five of which depicted child pornography.

**18 U.S.C. § 2252A(a)(2)(A) and (b)(1)**
**18 U.S.C. § 2256**

## COUNT 7
**(Possession of Child Pornography)**

On or about March 21, 2022, in Kent and Ingham Counties, in the Southern Division of the Western District of Michigan, and elsewhere,

**ROBERT DUANE WICKE,**
**a/k/a "domfamman,"**

knowingly possessed images of child pornography that involved prepubescent minors, including, but not limited to, one or more of the images and videos listed below:

1. All images charged in Counts 1 and 2 and incorporated herein,
2. 268.jpg,
3. -1359766002499445855.0,
4. 419.jpg,
5. 523.jpg,
6. 57413683443009916988.0,
7. 600.jpg, and
8. 7f6369f7-52fb-4c2b-ac7c-1b1a0e2d6a4e.mp4.

Such images were produced using materials which had been shipped or transported in interstate or foreign commerce, including, but not limited to, a Samsung, model SM-T290 tablet, a Samsung, model SM-A125U, cellular telephone, which were manufactured outside the State of Michigan.

**18 U.S.C. § 2252A(a)(5)(B) and (b)(2)**
**18 U.S.C. § 2256(8)(A)**

## FORFEITURE ALLEGATION
### (Sexual Exploitation of a Minor and Distribution and Possession of Child Pornography)

The allegations contained in Counts 1 and 2 and 4 through 7 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 2253.

Pursuant to 18 U.S.C. § 2253, upon conviction of one or more of the offenses in violation of 18 U.S.C. §§ 2251 and 2252A,

**ROBERT DUANE WICKE,**
a/k/a "domfamman,"

shall forfeit to the United States of America any visual depiction described in 18 U.S.C. § 2252A; any matter which contains any such visual depiction that was produced, transported, mailed, shipped, and received in violation of Title 18, United States Code, Chapter 110; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses or any property traceable to such property. The property to be forfeited, as to all counts, includes, but is not limited to, the following:

1. Samsung, model SM-T290, tablet, and
2. Samsung, model SM-A125U, cellular telephone

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and by 28 U.S.C. § 2461(c).

**18 U.S.C. § 2253**
**21 U.S.C. § 853(p)**
**28 U.S.C. § 2461(c)**
**18 U.S.C. § 2251**
**18 U.S.C. § 2252A**

## FORFEITURE ALLEGATION
**(Attempted Coercion and Enticement)**

The allegations contained in Count 3 of the Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 2428.

Pursuant to 18 U.S.C. § 2428, upon conviction of an offense in violation of 18 U.S.C. § 2422 set forth in Count 3 of the Indictment,

**ROBERT DUANE WICKE,**
a/k/a "domfamman,"

shall forfeit to the United States of America, any property, real or personal, used or intended to be used to commit or to facilitate the commission of the offense and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense.

1. Samsung, model SM-T290, tablet, and
2. Samsung, model SM-A125U, cellular telephone

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c).

**18 U.S.C. § 2428**
**21 U.S.C. § 853(p)**
**28 U.S.C. § 2461(c)**
**18 U.S.C. § 2422**

A TRUE BILL

_____
GRAND JURY FOREPERSON

ANDREW BYERLY BIRGE
United States Attorney

_____
DANIEL Y. MEKARU
Assistant United States Attorney