UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT DUANE WICKE,

        Defendant.

        No. 1:22-CR-52

Hon. JANE M. BECKERING
U.S. District Judge

_____/

PLEA AGREEMENT

This constitutes the plea agreement between Robert Duane Wicke and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.    <u>Defendant Agrees to Plead Guilty</u>. Defendant agrees to plead guilty to Counts 3 through 7 of the Indictment. Count 3 charges Attempted Coercion and Enticement in violation of Title 18, United States Code, Section 2422(b). Counts 4, 5, and 6 charge distribution of child pornography in violation of Title 18, United States Code, Section 2252A(a)(2)(A). Count 7 charges possession of child pornography that involved prepubescent minors in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

2.    <u>Defendant Understands the Crimes</u>.

    a.    Count 3: In order for Defendant to be guilty of violating Title 18, United States Code, Section 2422(b) the following must be true:

        i.    Defendant used a means of interstate commerce for sexual activity or attempted to do so;

      ii.      Defendant believed that the intended victim was under the age of 18 years; and

      iii.     If the sexual activity had occurred, Defendant could have been charged with a criminal offense under state law.

  b.    Counts 4, 5, and 6: In order for Defendant to be found guilty of violating Title 18, United States Code, Section 2252A(a)(2)(A) the following must be true:

      i.      Defendant knowingly distributed any child pornography;

      ii.     Defendant knew that the material was child pornography; and

      iii.    The child pornography was distributed using any means or facility of interstate commerce, shipped or transported in or affecting interstate commerce by any means, including by computer.

  c.    Count 7: In order for Defendant to be found guilty of violating Title 18, United States Code, Section 2252A(a)(5)(B) the following must be true:

      i.     Defendant knowingly possessed any material that contained an image of child pornography;

      ii.    Defendant knew that the material was child pornography; and

      iii.   The image of child pornography was produced using materials that had been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

Defendant is pleading guilty because Defendant is guilty of the charges described above.

3.    <u>Defendant Understands the Penalties</u>.

  a.    Count 3: The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2422(b), is the following:

      i.     maximum term of imprisonment: life;

      ii.    minimum term of imprisonment: 10 years:

   iii. maximum term of supervised release: life;
   iv. minimum term of supervised release: 5 years;
   v. maximum fine: $250,000;
   vi. mandatory special assessment: $100; and
   vii. additional special assessment of $5,000.

 b. Counts 4, 5, and 6: The statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 2252A(a)(2)(A), is the following:

   i. maximum term of imprisonment: 20 years;
   ii. minimum term of imprisonment: 5 years;
   iii. maximum term of supervised release: life;
   iv. minimum term of supervised release: 5 years;
   v. maximum fine: $250,000;
   vi. mandatory special assessment: $100; and
   vii. additional special assessments of $5,000 and up to $35,000

 c. Count 7: The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2252A(a)(5)(B), is the following:

   i. maximum term of imprisonment: 20 years;
   ii. maximum term of supervised release: life;
   iii. minimum term of supervised release: 5 years;
   iv. maximum fine: $250,000;
   v. mandatory special assessment: $100; and
   vi. additional special assessments of $5,000 and up to $17,000

Defendant agrees to pay the special assessments at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. <u>Supervised Release Defined</u>: Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and

- 3

requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximums stated above.

5.  Sex Offender Registration and Medical Testing.

    a.  Registration. Defendant acknowledges and agrees that Defendant must register as a sex offender in all applicable jurisdictions, including, but not limited to the jurisdictions where Defendant was convicted, resides, works, and attends school. Defendant understands that failure to register may subject him to prosecution.

    b.  Medical Tests. Defendant agrees to be tested for sexually transmittable diseases and the etiologic agent for acquired immune deficiency syndrome. Defendant further agrees that if the initial test for the etiologic agent for immune deficiency syndrome is negative, Defendant will be re-tested six (6) months and again twelve (12) months following the initial test. 42 U.S.C. § 14011.

6.  Mandatory Restitution. Defendant understands that he will be required to pay full restitution as required by law. Defendant agrees that for any restitution is ordered by the Court under 18 U.S.C. §2259, the amount of restitution ordered by the Court shall include defendant's total offense conduct. Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to

4

collect the full amount of the restitution. Defendant agrees that the restitution order is not restricted to the losses suffered by the victims in the counts to which Defendant is pleading guilty and that he will be responsible for restitution for all victims of his sexual exploitation of minors. As part of the restitution to Victim 1, Defendant will voluntarily transfer the deed and ownership of the real property located at 2335 Commonwealth Ave., Lansing, Michigan, to Lisa Walsh, parent, legal guardian, and custodian of Victim 1. The parties currently do not know the amount of restitution, but recognize and agree that the amount will be determined by the Court at sentencing.

7.      Asset Forfeiture. Defendant agrees to fully cooperate with the federal government in the seizure and forfeiture of assets under Title 18, United States Code, Section 2253, which includes, among other things, all visual depictions of child pornography as defined under this section and chapter, any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses, and any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property. Specifically, Defendant agrees to forfeit to the United States the following:

PERSONAL PROPERTY
   1.   Samsung, model SM-T290, tablet, and
   2.   Samsung, model SM-A125U, cellular telephone

which constitutes property containing child pornography and as property used to commit and promote the offense as charged in the Felony Information. Defendant

5

admits that the above-listed property is subject to forfeiture pursuant to Title 18, United States Code, Section 2253. Defendant consents to the entry of a preliminary order of forfeiture the property at or before the time of sentencing.

Defendant agrees that the real property located at 2335 Commonwealth Ave., Lansing, Michigan, constitutes any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses, and is subject to forfeiture to the United States under Title 18, United States Code, Section 2253. However, in lieu of forfeiture of the real property described below, the parties agree that Defendant will voluntarily transfer the deed and ownership of the real property to Lisa Walsh, parent, legal guardian and custodian of Victim 1. Such transfer will be made no later than two weeks prior to the date of sentencing.

8. The Sentencing Guidelines. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the

statutory maximum and minimum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

9. Factual Basis of Guilt. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

    a. Between December 6, 2021, and March 21, 2022, Defendant who lived in Lansing, Michigan, attempted to persuade and induce a person he believed to be the mother of 7-year-old and 9-year-old girls to travel from California to Kent County, Michigan, so he could engage in criminal sexual activity with the two girls. Defendant agreed that the mother and the two girls would fly from California to Grand Rapids on March 21, 2022. On that day, Defendant drove from Lansing, Michigan, to Kent County, Michigan, and checked into the hotel that he reserved and paid for. Defendant admits that he knowingly attempted to induce and persuade the mother to travel for the purpose of engaging in sexual conduct with the girls. The intended sex conduct included sexual penetration and sexual contact. Defendant understands that sexual penetration with 7-year-old and 9-year-old girls would constitute First Degree Criminal Sexual Conduct, in violation of Michigan Compiled Law § 750.520b; and that sexual contact with the 7-year-old and 9-year-old girls would constitute Second Degree Criminal Sexual Conduct, in violation of

Michigan Compiled Law § 750.520c. Defendant also intended to video record the sexual conduct.

b. On January 21, 2022, February 23, 2022, and February 27, 2022, Defendant knowingly distributed videos of child pornography. Defendant was living in Lansing, Michigan, and sent the child pornography videos to California via Kik, a web-based communication service that operates using the internet. Defendant knew that the videos depicted prepubescent children engaging in sex conduct, including digital penetration, oral sex, and vaginal and anal penial penetration by an adult. Defendant sent the videos intending to further his plan to have the 7-year-old and 9-year-old girls to travel to Michigan for sexual exploitation.

c. On March 21, 2022, Defendant knowingly possessed videos and images of child pornography that depicted prepubescent minor engaging in sex conduct or that depicted the lascivious display of the child's pubic area. The videos and images were produced using a Samsung, model SM-T290 tablet, a Samsung, model SM-A125U, cellular telephone, which were manufactured outside the State of Michigan. Defendant possessed the child pornography in his home in Lansing, Michigan, and brought some of the child pornography with him when he came to Kent County, Michigan.

10. The United States Attorney's Office Agrees.

a. Dismissal of Other Counts/Charges. The U.S. Attorney's Office agrees to move to dismiss the Counts 1 and 2 of the Indictment against Defendant at

the time of sentencing. Defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement, Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

  b. <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

11. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximums, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments, and departures.

12. <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty pleas, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

    b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

    c. The right to confront and cross-examine witnesses against Defendant.

    d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

    f. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed

13. **Waiver of Other Rights.**

    a. **Waiver.** In exchange for the promises made by the government in entering this plea agreement, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

    b. **Exceptions.** Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

        i. Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

        ii. Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

        iii. The district court incorrectly determined the Sentencing Guideline range, if the Defendant objected at sentencing on that basis;

        iv. the guilty plea was involuntary or unknowing;

        v. an attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

14. **FOIA Requests.** Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency

11

of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15. <u>The Court is not a Party to this Agreement</u>. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty pleas, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory minimum and maximum.

16. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

17. <u>Consequences of Breach</u>. If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant

would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

18. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

ANDREW BYERLY BIRGE
United States Attorney

5/23/22
Date

DANIEL Y. MEKARU
Assistant United States Attorney

United States v. Robert Duane Wicke
1:22-CR-52
Plea Agreement Signature Page

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_5/20/2022_
Date

_RD Wicke_
ROBERT DUANE WICKE,
Defendant

I am Robert Duane Wicke's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_5/20/2022_
Date

JAMES S. FISHER
Attorney for Defendant