UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,        No.    1:22-CR-52

vs.        Hon.  JANE M. BECKERING
                                      U.S. District Judge

ROBERT DUANE WICKE,

        Defendant.

_____/

**GOVERNMENT'S SENTENCING MEMORANDUM**

On May 12, 2022, defendant, Robert Duane Wicke, pleaded guilty to the Counts 3, 4, 5, 6, and 7 of the Indictment, which charged him with attempted coercion and enticement in violation of 18 U.S.C. § 2422(b), distribution of child pornography in violation of 18 U.S.C. § 2252A(b)(1), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

### I. SENTENCING GUIDELINES

The Probation Office prepared a Presentence Investigation Report for Wicke. The Presentence Investigator calculated the guidelines and determined that Wicke's total offense level was 43 and criminal history category II. Wicke has four unresolved objections for the Court to consider. First, Wicke objects to the enhancement under USSG § 2G2.2(b)(3)(E) for the distribution of child pornography to a minor that was intended to persuade, induce, entice, coerce, or facilitate the

1

travel of, the minor to engage in prohibited sexual conduct.  Second, Wicke objects to the application of the cross-reference enhancement pursuant to USSG § 2G1.3(c)(1) that directs the application of USSG § 2G2.1 "if the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct".  Third, Wicke objects to the enhancement under USSG § 2G2.1(b)(5) for victims that were in the custody, care, or supervisory control of the defendant.  And fourth, Wicke objects to the scoring of a pseudo-count for the production and attempted production of child pornography related to Victim 1.

### A. Distribution to a Minor with Intent

Wicke objects to the enhancement under USSG § 2G2.2(b)(3)(E) for the distribution of child pornography to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct.  Wicke pleaded guilty to Counts 4, 5, and 6 which involved the distribution of child pornography to the undercover agent posing as a mother.  Upon information and belief, Wicke does not object to the fact that he encouraged the mother to show the videos to the two children for the purpose of preparing the children for sex with him.  Wicke is objecting to the enhancement because he argues that the enhancement only applies if the videos were sent to real minors.

> The application notes for § 2G2.2 provide the following definitions.
>
> "Distribution to a minor" means the knowing distribution to an individual who is a minor at the time of the offense.
>
> "Minor" means (A) an individual who had not attained the age of 18 years;

(B) an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct; or (C) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years.

The Sixth Circuit in *United States v. Quinn*, 257 Fed. App'x 864, 868 (6th Cir. 2007) found that the seven-level enhancement was properly applied where the defendant distributed numerous images of child pornography to a detective, whom he believed to be a minor, while encouraging the "minor" to meet him and travel to another place to engage in sexual activity.

In *United States v. Love*, 593 F.3d 1 (D.C. Cir. 2010), the defendant said he wanted to have sex with the daughter of an undercover officer posing as the father. *Id*. 4. The defendant sent the officer a series of child pornography videos and images. *Id*. When the officer told defendant he was going to show his daughter the videos he had sent, defendant replied, "ok," and that he wished the officer and his daughter were in Chicago so defendant could have sex with her. *Id*. On appeal, the D.C. Circuit found it was a reasonable inference that when Love sent the officer child pornography, he expected the officer's daughter to see it. *Id*. 7.

Here, Wicke expressly stated that he wanted the girls to see the videos and asked what they thought of them. On February 21, 2022, the undercover agent and Wicke discussed the travel plans to come to Michigan. Wicke told the agent "See if you think this video you might want to share with them, I just got it yesterday." Wicke then sent the agent a video depicting an adult male penetrating the vagina of a naked prepubescent female with his penis while another adult male is

3

simultaneously putting his penis in the minor female's mouth. The video then depicts an adult male penetrating the anus of the same naked prepubescent female with his penis. On February 26, 2022, Wicke asked if the agent's daughters liked the video of the young girl. Wicke discussed his plan for anal sex with the girls. Wicke then told the agent that he had some new videos and sent five more child pornography videos. The enhancement is properly applied.

### B. Cross-reference to § 2G2.1

USSG § 2G1.3(c)(1) directs the application of USSG § 2G2.1 "if the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct."

On March 15, 2022, the agent asked if Wicke planned on making videos of the girls as part of their training. Wicke replied, "Yes because I thought you would like to see how their training is going." When asked what he would do with the sexual videos he takes, as videos are traded via the Kik application all the time, Wicke said, "I know, how do you think I got the ones I showed you, I have never sent anything that I have and I would not with any new videos I may make now…Only directly to your email address."

The defense objects on grounds that the offense involved an attempt and § 2G1.3 has no provision for attempts. However, Wicke was convicted of *attempted* coercion and enticement. Because Wicke was convicted of an attempt, USSG § 2X1.1(a) instructed the sentencing court to apply "any adjustments ... for any

4

intended offense conduct that can be established with reasonable certainty." U.S.S.G. § 2X1.1(a); see also § 2X1.1 cmt. 2 ("[T]he only specific offense characteristics ... that apply are those that are determined to have been specifically intended or actually occurred.")

In *United States v. Leija*, 833 Fed. App'x 477, 479–80 (11th Cir. 2020), the court affirmed application of sentencing enhancements based on the intended conduct. The defendant solicited and paid for the creation of a pornographic video featuring a nine-year-old girl. *Id*. "The record evidence here shows that [the defendant] intended for the UC to create a pornographic video featuring the sexual penetration of a nine-year-old girl, which is considered sadistic conduct. The government demonstrated the offense conduct with reasonable certainty." *Id*.

Here, Wicke's intent is plainly evident, and he attempted an offense that involved "causing, transporting, [and the mother] permitting . . . a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." The enhancement is properly applied.

### C. Victims in Custody, Care or Supervisory Control

Wicke objects to the enhancement under USSG § 2G2.1(b)(5) because the victims were never actually in his custody, care or supervisory control. The sentencing guidelines provide for a 2-level increase "if the minor was otherwise in the custody, care, or supervisory control of the defendant." U.S.S.G. § 2G2.2(b)(5).

The Sixth Circuit considered the application of this enhancement in *United States v. Martin*, 291 Fed. App'x 765, 768 (6th Cir. 2008). The defendant argued

5

that the minor victims were not "otherwise in [his] custody, care, or supervisory control" because he was not a teacher, day care provider, baby-sitter, or other temporary caretaker. *Id*. However, Application Note 5 states that "[s]ubsection (b)(5) is intended to have broad application and includes offenses involving a minor entrusted to the defendant, whether temporarily or permanently." U.S.S.G. § 2G2.1 n.5. The commentary further instructs that "the court should look to the actual relationship that existed between the defendant and the minor and not simply to the legal status of the defendant-minor relationship." *Id*. In *Martin*, the court found that the defendant's actual relationship to the minor victims "did involve entrustment by the parents" for four to six hours at a time. *Id*. The *Martin* Court affirmed application of the two-level increase. *Id*. *See United States v. Sanderson*, 2022WL1133114, *4-5 (6th Cir. Apr. 18, 2022) (Affirming 2-point enhancement where Sanderson "was definitely considered a babysitter from time to time.")

As discussed above, Wicke was charged with attempt. The sentencing guideline direct the Court to apply all of the enhancements for "intended offense conduct that can be established with reasonable certainty." U.S.S.G. § 2X1.1(a).

Wicke's plan was for the undercover agent to stay for three or four days and then return to California and leave the girls with him. Wicke wanted to know how long he could keep the girls. He said they could stay until he could teach them everything and said the agent would be proud how the girls turn out as "slave daughters." Wicke clearly intended to take custody and have control of the girls. The amount of time of custody and control over the girls was intended to be

6

substantially longer than the situation in *Martin*. The enhancement is properly applied.

### D. Pseudo-Count for Victim 1

Wicke objects to the scoring of a pseudo-count for the production and attempted production of child pornography related to Victim 1. As discussed above, Wicke's guidelines are properly scored using § 2G2.1. Subsection (d)(1) states that "if the offense involved more than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been contained in separate counts of conviction." U.S.S.G. § 2G2.1(d)(1). Section 2G2.1, comment. n.7, explains "that if the relevant conduct of an offense of conviction includes more than one minor being exploited, whether specifically cited in the count of conviction or not, each such minor shall be treated as if contained in separate count of conviction."

The scope of relevant conduct is defined in § 1B1.3(a)(1) and encompasses all acts committed by the defendant "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1). *See United States v. Shock*, 862 F.3d 563, 567 (6th Cir. 2017).

Here, Wicke was convicted of attempted coercion and enticement, and the conduct began December 6, 2021, and continued to March 21, 2022. While Wicke was chatting with the undercover agent to arrange for "slave training" and the sexual assaults of 7-year-old and 9-year-old girls, Wicke also produced and

7

attempted to produce child pornography images of a 3-year-old girl. The first image was taken on January 7, 2022, and the second was taken on January 13, 2022, both of which occurred during the commission of the offense of conviction.

The relevant conduct for Count 3, an offense of conviction, includes Victim 1 being exploited, and accordingly "such minor shall be treated as if contained in separate count of conviction." U.S.S.G. § 2G2.1 n.7. The enhancement is properly scored.

WHEREFORE, the United States supports the Presentence Investigator's calculation of the sentencing guidelines.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated: September 2, 2022            */s/ Daniel Y. Mekaru*
                                    DANIEL Y. MEKARU
                                    Assistant United States Attorney
                                    PO Box 208
                                    Grand Rapids, MI 49501-0208
                                    (616) 456-2404